**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| KEVIN N. SONNIE, | : | |
| | : | **CIV. NO. 20-808(RMB-KMW)** |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RALPH RIDOLPHINO, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Kevin N. Sonnie, presumably a pretrial detainee confined in Atlantic County Justice Facility, filed this civil rights action on January 24, 2020. (Compl., ECF No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-2.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1)Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a certified prisoner trust account statement, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, <u>see</u> U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the

4

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

The defendants named in the complaint include Plaintiff's high school principal; Officer Christopher Wellman of Egg Harbor Township Police Department; Laurie Wellman, Officer Wellman's daughter; Atlantic County, New Jersey; the State of New Jersey; and all of the institutions (unidentified) where Plaintiff has been institutionalized or incarcerated since 1996. (Compl., ECF No. 1.) Plaintiff contends that these persons and entities have deprived him of his rights since his high school principal, Ralph Ridolphino, called Plaintiff into his office in 1996, which led to Plaintiff's hospitalization.

For relief, Plaintiff states,

> Compensate me for years of restraint through threats, wrongful, unlawful, imprisonments, detentions, and physical & mental anguish by force of medications therapy, time taken from myself constantly having to prove myself intelligent, innocent, etc. Countless times misunderstood, mistaken by friends & family, whom ushered me in, similar, suffocating manner following R. Rildophino's painted persona of me . . . .

(Pet., ECF No. 1, ¶5.)

B. <u>Due Process Claims</u>

Plaintiff, assuming he is a pretrial detainee, brings a Fourteenth Amendment due process claim under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

There is a two-year statute of limitations on civil rights actions brought in New Jersey under 42 U.S.C. § 1983. <u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 185 (3d Cir. 2010). The only allegations in the complaint of any defendant's personal involvement in violating Plaintiff's rights occurred in 1996. The time to bring such claims has expired.

Furthermore, the State of New Jersey has sovereign immunity under the Eleventh Amendment from claims brought under § 1983. <u>Hyatt v. County of Passaic</u>, 340 F. App'x 833, 836 (3d Cir. 2009). County Jails are not "persons" who may be sued under § 1983. <u>Lenhart v. Pennsylvania</u>, 528 F. App'x 111, 114 (3d Cir. 2013). While a county may be liable for violating a person's constitutional rights, a plaintiff must allege that an "action pursuant to official municipal policy" caused their injury. <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011).

Finally, Petitioner seeks money damages for claims based on his alleged unlawful detention(s). The Supreme Court in <u>Heck v. Humphrey</u> held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). Plaintiff has not alleged that any conviction or sentence has been declared invalid. And, if Plaintiff's claims are based on his present pre-trial detention, he must allege the elements of a false imprisonment claim against

a defendant who is not immune under § 1983. See e.g. Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Plaintiff's complaint fails to state a claim and would be dismissed upon conclusive screening under 28 U,S.C. §§ 1915(e)(2)(B) and 1915A(b).

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: March 31, 2020

                                s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**